## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

**American Zurich Ins. Co.,** *et al.,*

    **Plaintiffs,**

-v-                                  **Case No. 2:12–cv–01036**

**Sunlight Transport LLC,** *et al.,*          **Judge Michael H. Watson**

    **Defendants.**

## OPINION AND ORDER

The Court sua sponte **REMANDS** this case to the Franklin County Court of Common Pleas.  The Court lacks subject matter jurisdiction over this case because there is not complete diversity among the parties.

Plaintiffs filed suit in the Franklin County Court of Common Pleas against Defendants in November of 2012.  Plaintiff American Zurich Insurance Company is a Florida corporation with its principal place of business in Illinois.  Plaintiff Naughton Insurance Co. is a Rhode Island corporation with its principal place of business in Rhode Island.  Plaintiff American Motorcyclist Association, Inc. is an Ohio corporation with its principal place of business in Ohio.  Notice Removal 3, ECF No. 1.

Defendant Daimler Trucks North America LLC is a Delaware corporation with its principal place of business in Oregon.  Defendant Sunlight Transport LLC is an Ohio limited liability company with its principal place of business in Ohio.

Notice Removal 3, ECF No. 1. All of these entities were named in the complaint in the state court action before it was removed to this court. Notice Removal Ex. D, ECF No. 1-4.

Defendant Daimler Trucks North America LLC removed the case to this Court pursuant to 28 U.S.C. § 1441(b) before Sunlight Transport LLC was served. Notice Removal 3, ECF No. 1. Section 1441(b) states, "a civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest **properly joined and served** as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b) (emphasis added). Daimler stated removal was proper because "complete diversity exists among the parties **properly joined and served** pursuant to 28 U.S.C. § 1441(b)," as the forum defendant (Sunlight Transport LLC) had not been served at the time of removal. Notice Removal 4, ECF No. 1 (emphasis added).

At an April 22, 2013 teleconference, the Court represented to the parties that it intended to remand the case for lack of jurisdiction. Given that representation, Defendants recently filed a "Suggestion of Lack of Authority to Remand Case." ECF No. 20. Defendants argued that if the Court intended to remand because removal was improper under § 1441(b)(2), any violation was procedural and was waived by Plaintiffs. Defendants are correct as to that point.

Under § 1441(b)(2), Defendant Daimler's removal was likely improper because Sunlight Transport LLC was a non-diverse resident defendant.

Defendant Daimler was likely not permitted to disregard resident Defendant Sunlight Transport LLC simply because it had not been served when determining whether to remove under § 1441(b). *Percherski v. Gen. Motors Corp.*, 636 F.2d 1156, 1160 (8th Cir. 1981) ("the prevailing view is that the mere failure to serve a defendant who would defeat diversity jurisdiction does not permit a court to ignore that defendant in determining the propriety of removal."); *Preaseau v. Prudential Ins. Co. of Am.*, 591 F.2d 74, 78 (9th Cir. 1979); *Finley v. Higbee Co.*, 1 F. Supp 2d 701, 703 (N.D. Ohio 1997). Nonetheless, Plaintiffs waived their right to object to improper removal under § 1441(b)(2). *RFF Family P'Ship, LP v. Wasserman*, 316 F. App'x 410, 411 (6th Cir. 2009) ("The forum defendant provision is a procedural removal requirement that is waived if it is not raised by a timely motion to remand."); *see also e.g., Lively v. Wild Oats Markets, Inc.*, 456 F.3d 933, 936 (9th Cir. 2006), *Hurley v. Motor Coach Indus., Inc.*, 222 F.3d 377, 379 (7th Cir. 2000).

However, the Court is not remanding for improper removal pursuant to § 1441(b)(2) because Sunlight Transport LLC is a forum defendant. The Court remands this case because it lacks subject matter jurisdiction—Plaintiff American Motorcyclist Association, Inc. and Defendant Sunlight Transport LLC are both Ohio citizens.

It is axiomatic that federal courts are courts of limited jurisdiction. *Freeland v. Liberty Mut. Fire Ins. Co.*, 632 F.3d 250, 255 (6th Cir. 2011). Congress has granted federal courts jurisdiction over "all civil actions where the matter in

controversy exceeds the sum or value of $75,000 . . . and is between [] citizens

of different States . . . ."  28 U.S.C. § 1332(a)(1).  "[D]iversity of citizenship

requires complete diversity between all plaintiffs on one side and all defendants

on the other side."  *Glancy v. Taubman Ctrs., Inc.*, 373 F.3d 656, 664 (6th Cir.

2004).  "If at any time before final judgment it appears that the district court lacks

subject matter jurisdiction, the case shall be remanded."  28 U.S.C. § 1447(c).

Defendants have not offered case law to support their assertion that

because the case was removed after Sunlight Transport LLC had been named in

the state court complaint but before it had been served, it was therefore not a

party to the action, and this Court has diversity jurisdiction.  The Court concludes

that there is not complete diversity.  *Pullman Co. v. Jenkins*, 305 U.S. 534, 541

(1939) (stating a non-resident defendant may not remove a non-separable

controversy prior to a resident defendant being served because "there is no

diversity of citizenship . . . ."); *Pecherski v. Gen. Motors Corp.*, 636 F.2d 1156,

1160 (8th Cir. 1981) ("Whenever federal jurisdiction in a removal case depends

upon complete diversity, the existence of diversity is determined from the fact of

citizenship of the parties named and not from the fact of service.") (quoting and

agreeing with *Clarence E. Morris, Inc v. Vitek*, 412 F.2d 1174, 1176 (9th Cir.

1969)); *Parekh v. Economy Premier Assurance Co.*, No. CV 10–5599, 2012 WL

1020426, at *4 (E.D. N.Y. Jan. 17, 2012) (remanding for lack of subject matter

jurisdiction a case removed under § 1441(b) where there was not complete

diversity), *report and recommendation adopted by* 2012 WL 1020425, at *1;

*Wurdack v. Am. Enterprise Life Ins. Co.*, No. 1:02–CV–109, 2002 WL 32060137, at *2 (E.D. Tenn. May 24, 2002) ("Th[e] failure to serve rule only applies where the unserved defendant is a non-resident.  Under *Pullman* . . . and its progeny, a failure to serve process upon a *resident* defendant does not render a case removable."); *Kelly v. Drake Beam Morin, Inc.*, 695 F. Supp. 354, (E.D. Mich. 1988) ("The fact that a defendant has not been served is irrelevant to the Court's determination whether it has jurisdiction over the action based on complete diversity of citizenship."); 16 MOORE'S FEDERAL PRACTICE § 107.14(2)(c)(ii) ("the better view is that an unserved defendant's citizenship be considered when the defendant's citizenship is clear.").  Accordingly, the Court must *sua sponte* remand.

Therefore, the Court **REMANDS** this case to the Franklin County Court of Common Pleas.

**IT IS SO ORDERED.**

**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**